DIEMER & WEI, LLP
Kathryn S. Diemer, SBN 133977
Susan B. Luce, SBN 120843
55 S. Market St. STE 1420
San Jose, CA 95113
Tel: 408-971-6270
Fax:408-971-6271
Email: sluce@diemerwei.com

Attorneys for George Yu and
Frances Ho

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

IN Re:

**Mart Albert Haitjema and Elaine WaiYin Chow,**

**Debtors.**

**Case No. 25-30702**

**Chapter 13**

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

341a Meeting: 10/16/2025
Initial Confirmation Date: 11/19/2025
Initial Confirmation Time: 11:00 A.M.
Place: Telephonic or Video Only

**The Honorable Hannah Blumenstiel**

Creditors, George Yu and Frances Ho, object to the confirmation of Debtor's Chapter 13 Plan, filed on October 9, 2025, for the following reasons:

1.      Creditor objects to confirmation of this Plan, pursuant to 11 U.S.C. 1325(a)(3), because the Debtor is not acting in good faith pursuant to In Re Strong (BC CD CA 2024) 661 B.R. 638, 652-659, due to inadequate identification and/or failure of inclusion or misstatement of included assets.

A. Specifically, Debtor Haitjema has worked at Microsoft for years. He listed 480 stock options as unvested. Microsoft, which is a large publicly traded entity includes in its compensation of certain of its employees, stock options. Those options vest on a

1

regular basis.  Creditors have been unable to obtain accurate information about Debtor's Haitjema's stock options and income as of yet, because the schedules and the Chapter 13 plan were only filed on October 9, 2025 and no 341a has taken place as of yet.  However, it strains credulity to believe that a mid-level or higher employee at Microsoft has zero unvested shares.  Shares which are likely quite valuable given that Microsoft is trading, today, at $508.87.  If only half of the shares have vested then 480 shares would be valued at $139,408.80.

B.  Additionally Debtors mysteriously lists a series of investmenst which they identify as "not property of the estate: that includes investments in Broadcom, Cisco, Fidelity Grove Collaborative, additional Microsoft and Walmart investments.  Broadcom is currently trading at  $350.95. Cisco is trading at $68.74. Walmart is trading at $106.15. Grove Collaborative Holdings, Inc. is trading at 1.5400 on the NASDAQ as of today.   These funds would increase the amount of funding available to pay the general unsecured creditors.

C.  Debtors have additionally failed to provide any potential value for a bad faith claim against its insurer, not even identifying the amount of such claim.

D.  Debtor owns cryptocurrency, identifying only a value of $17,061, with no identification of the type or kinds or holdings.

E.  Debtors fail to list the correct amount of the value of the property in Schedule C, identifying the property located at 1919 Broderick Street, San Francisco, CA 94115 under the exemption as $409,078, when in fact the property is worth at least $1,761,480.

2

F. Debtors fail to identify preferential transfer payments to their counsel in the state court litigation between Debtors and Creditors Yu and Ho, thereby omitting potential assets from the plan.

G. Debtors list secured debt in the amount of $1,127,902 related to a Wells Fargo Home Mortgage, however, that secure debt does not appear on title searches in that amount or in that name, making it difficult, if not impossible to determine the validity of, or accuracy of the amounts due.

H. Debtors unsecured debts are minimal. They owe Capital One Credit card $8,119; Farella Braun & Martel $5,572; Moscone, Emblidge & Rubens $160,148. Other than those debts there are two other unsecured debts: Yu and Ho's debt and an alleged personal loan from Debtor Elaine Chow's parent in the amount of $100,000. Creditor Yu and Ho's debt is misstated. Debtors have stated clearly and repeatedly that they filed in order to avoid the monies owed related to the litigation involving their home, and the homeowner's association and fellow member of the homeowner's association Yu and Ho. The plan of reorganization purports to pay only $120,000 of that $1,293,941.62 and fails to set forth that additional monies are owed to conform the property to the description on the deeds of trust. It appears that the filing, from the plan of reorganization is simply an attempt to solve what is really a single dispute, the dispute with the homeowners association and neighbors, Yu and Ho.

2. Creditors contend that the Debtor is not in compliance with the liquidation test of U.S.C. § 1325(a)(4) due to the improprieties concerning the incorrect identification of the assets and the debts identified in Section 1, above. The Debtor has undervalued his property and is not providing his creditors with as much as they would get in a Chapter 7 liquidation.

3

Case: 25-30702    Doc# 24    Filed: 10/16/25    Entered: 10/16/25 12:52:32    Page 3 of 4

DATED: October 16, 2025

**Diemer & Wei, LLP**

*/s/ Kathryn S. Diemer*
Kathryn S. Diemer, Esq.
Attorneys for Creditors Yu and Ho

4

Case: 25-30702  Doc# 24  Filed: 10/16/25  Entered: 10/16/25 12:52:32  Page 4 of 4