Martha G. Bronitsky, #127583
Chapter 13 Standing Trustee
Sarah Velasco, #255873, Staff Attorney
Brisa C. Ramirez #261480, Staff Attorney
PO Box 5004
Hayward, CA 94540
(510) 266-5580
13trustee@oak13.com

# THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

**In re**

**Mart Albert Haitjema**

**Elaine Waiyin Chow**

Debtors

**Chapter 13 Case No. 25-30702-HLB13**

Chapter 13 Trustee's Objection to Chapter 13 Plan

| Plan Objection Information |
| --- |

Chapter 13 Trustee ("Trustee") Objects To:  Chapter 13 Plan
Filed: October 09, 2025
Docket#: 23

| Motion To Dismiss Information |
| --- |

☐ Trustee Seeks To Dismiss or Convert the Case
Notwithstanding the motion herein, Trustee may file a concurrent motion to dismiss with 21 days' notice pursuant to Local Bankruptcy Rule 9014-1(b)(3)A) which may result in dismissal of the above captioned case in the absence of a timely response.

**(See II. Motion To Dismiss Below)**

| Case Information |
| --- |

Petition Filed: September 04, 2025          Attorney Name: CATHLEEN COOPER MORAN

Case: 25-30702   Doc# 32   Filed: 03/02/26   Entered: 03/02/26 15:12:39   Page 1 of 6

## I. Objection

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan on the following grounds:

* Pursuant to Bankruptcy Local Rule 3015-1, an objection to a plan will be considered an objection to all subsequent versions and amendments until the objection is withdrawn or the objecting party fails to appear at a hearing on confirmation

## (A) Chapter 13 Plan 11 U.S.C. 1322, 1324, 1325 and 1326

☐   (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan.  [11 U.S.C.§1322(a)]

Facts:

☐   (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts:

☐   (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts:

☐   (4) The plan unfairly discriminates between a class or classes of unsecured claims. [11 U.S.C.§1322(b)]

Facts:

☐   (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtors' principal residence. [11 U.S.C.§1322(b)]

Facts:

☑   (6) The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 on this title on such date. [11 U.S.C.§1325(a)(4)]

Facts: A payment of $149,559.44 to general unsecured creditors is needed in order to satisfy hypothetical chapter 7 liquidation calculation.

☐   (7) The plan is not feasible. Debtors will not be able to make all payments under the plan and comply with the plan.  [11 U.S.C.§1325(a)(6)]

Facts:

☐ (8) The Debtors have not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☐ (9) The Debtors have not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts:

☐ (10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims.  [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts:

☐ (11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtors in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts:

☐ (12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1322(d)]

Facts:

☐ (13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts:

☑ (14) The plan does not provide for all of the Debtors' projected disposable income ("DMI") to be applied to unsecured creditors under the plan purusant to 11 U.S.C. 1325 (b).

Facts: The income reflected in line 2 of Form 122C-1 for joint debtor does not match the paystubs for the last six months. Total income from 03/2025 – 08/2025: regular income: $97,104.90; bonus: $47,062.65, RSU: $76,764.85.  Total: $220,932.40 / 6: $36,822.07. The income reflected in line 2 of Form 122C-1 for debtor does not match the paystubs for the last six months. Total income from 03/2025 – 08/2025: regular income: $108,096.79; bonus: $50,000, stock awards: $92,916.66.  Total: $251,013.45 / 6: $41,835.58. Trustee requests a copy of the vesting schedule for debtor's RSUs.  Line 46 of Form 22C-2 reflects a "one time only event" in March 2025 of $50,000.  $50,000 is the total, therefore, the correct amount averaged over 6 months would be $8,333.33.  Trustee has requested a copy of the September 2025 paystub to verify debtor's bonus award. Line 41 of Form 22C-2 reflects $6,724.68 in qualified retirement deductions; this is inconsistent with the paystubs and Schedule I. Debtors have taken a deduction of $857.03 in line 25 (Disability insurance), $3,500 in line 21 (childcare), and $1000 in line 43 (Legal expenses associated with ongoing HOA dispute). Trustee requests verification of these expenses.

☑ (15(a)) Other:   Incomplete Schedules

Facts: Schedule I: Income is inconsistent with income on Form 122C-1 and employment information is incomplete.  Schedule A/B: needs to be amended to list missing accounts (per 341).  A City Storage 401k is not listed, and schedule needs to be amended to clarify the value of the Coinbase vs. Microsoft ESPP Fidelity account in question 35. Trustee requests for more information (in the form of a filed declaration) regarding a potential bad faith claim against insurer disclosed in question 33.

☐ (15(b)) Other:

Facts:

## (B) Local Rules and General Orders

☑ (16) Debtors failed to utilize, or failed to properly complete, the Mandatory Form Plan for Chapter 13 cases filed or converted to Chapter 13 on or after January 1, 2023.

 Facts: Debtor's plan provides for a .22% dividend to unsecured creditors in Class 14; however, the payments into the plan would allow for a 24.89% to scheduled unsecured creditors.

☐ (17) Debtors failed to file and serve a motion to value collateral and obtain an order or has otherwise failed to value collateral as part of or "through" the plan.

Facts:

☑ (18)  The plan provision regarding Debtors' Attorney's fees fails to comply with General Order 35 or the existing Guidelines for Payment of Attorney's Fees in Chapter 13 cases.

Facts: Debtor's attorney has not filed an Application for Approval of Attorney's Fees for No-Look Fees.

☐ (19) Other:

Facts:

## II. Motion to Dismiss or Convert Chapter 13 Case

The Trustee seeks dismissal or conversion of this case pursuant to 11 U.S.C. § 1307(c) on the following grounds:

☐ (1) Unreasonable delay by the Debtors that is prejudicial to creditors.

Facts:

☐ (2) Payments to the Trustee are not current under the Debtors' proposed plan.

Facts:

☐  (3) Failure to confirm a plan.


Facts:

☐  (4) Failure of the Debtors to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.
Facts:

☐  (5) Failure to provide documents and information (Schedules, Statement of Financial Affairs, payment advices, etc...) to the Trustee as required by 11 U.S.C. § 521(a)(1),(3),or (4). [11 U.S.C. § 1307(c); 11 U.S.C. 521].


Facts:

☐  (6) Other cause:

Facts:

## III. Trustee's Recommendation/Analysis

☑  The current plan is not confirmable and an amended plan will be required to be filed.

☐  No confirmable plan can be filed based on the facts of this case.

☐  Other:

***Note: If you have questions, please contact Brisa Ramirez by email at bramirez@oak13.com.

**WHEREFORE,** the Trustee requests:

☐  That the Trustee's objection to confirmation of the plan be sustained.

☑  That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☐  That the Debtors' case be dismissed or converted.

Such other and further relief as the court deems proper.

Date: March 02, 2026

/s/ Trustee Martha G. Bronitsky
Trustee Martha G. Bronitsky
Chapter 13 Standing Trustee

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtors, Counsel for Debtors, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 02, 2026

/s/ Olga Gonzalez

Olga Gonzalez

Mart Albert Haitjema
Elaine Waiyin Chow
1919 Broderick St.
San Francisco,CA 94115

Cathleen Cooper Moran
Moran Law Group
643 Bair Island Road Ste 403
Redwood City,CA 94063

Debtors

(Counsel for Debtor)