Evan Livingstone, SBN 252008
LAW OFFICE OF EVAN LIVINGSTONE
2585 Sebastopol Rd, Unit 7265
Santa Rosa CA 95407
Phone: (707) 206-6570
Fax: (707) 676-9112
Email: evanmlivingstone@gmail.com

Attorney for Debtors
Mart Albert Haitjema and Elaine WaiYin Chow

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MART ALBERT HAITJEMA<br>and ELAINE WAIYIN CHOW<br><br>Debtor(s) | Case No. 25-30702 HB<br><br>Chapter 13<br><br>**EX PARTE APPLICATION TO EXTEND DEADLINE TO CONFIRM DEBTORS' CHAPTER 13 PLAN (FRBP 9006, LBR 9006-1)**<br><br>Judge: Hon. Hannah L. Blumenstiel |

**TO THE COURT:**

Pursuant to Fed. R. Bankr. P. 9006(b)(1) and Bankr. L.R. 9006-1, Debtors MART ALBERT HAITJEMA and ELAINE WAIYIN CHOW make this ex parte application for an order extending the deadline to confirm Debtors' Chapter 13 plan from the current date of August 19, 2026, to September 16, 2026.

**FACTS**

Debtors filed this Chapter 13 bankruptcy case on 09/04/2025.

On 10/09/2025, Debtors filed a Chapter 13 Plan. [Doc. 23] The Plan provided for 60 payments of $1,880.00, with an estimated payout to unsecured creditors of $99,135.00.

On 10/16/2025, Creditors George Yu and Frances Ho filed an objection to Debtors' Chapter 13 Plan. [Doc. 24]

On 12/15/2025, Creditors George Yu and Frances Ho filed adversary proceeding 25-03074 Yu et al v. Haitjema et al, to determine if Debtors debt to Yu and Ho was dischargeable.

On 02/19/2026, the Court resolved the adversary proceeding in favor of Debtors by summary judgment.

On 3/02/2026, the Chapter 13 Trustee filed an objection to Debtors' Chapter 13 Plan . [Doc. 32]

On 4/21/2026, the Chapter 13 Trustee filed a motion to dismiss Debtor's Chapter 13 case. [Doc 39]

On 4/30/2026, the Court granted relief from stay to allow Creditors George Yu and Frances Ho to continue litigation of their civil action against Debtors in the Superior Court. [Doc. 42]

On 5/18/2026, the Chapter 13 Trustee filed an Objection to Debtor's Claim of Exemptions. [Doc. 50]

On 5/20/2026, Debtors' counsel filed a Motion to Withdraw as Attorney. [Doc. 53]

On 5/22/2026, Debtors' current lawyer substituted into the case. [Doc. 58]

On 5/26/2026, the Court ruled on the Trustee's motion to dismiss, ordering that "Debtors shall confirm a plan no later than August 19, 2026, and The court will not approve any further extensions of this deadline absent extraordinary cause.". [Doc. 59]

On 6/17/2026, the Court sustained the Chapter 13 Trustee's objection to Debtors' Claim of Exemptions and ordered the Debtors to amend Schedule C. [Doc. 64]

On 6/26/2026, Debtors timely filed an Amended Schedule C. [Doc. 66]

On 7/02/2026, Debtors filed an Objection to the Claim of Creditors George Yu and Frances Ho. [Doc 67] and noticed a hearing for August 19, 2026. [Doc. 68]

On 7/20/2026, Debtors filed an Amended Chapter 13 Plan. [Doc. 71] An Opportunity for Hearing and Declaration in Support of the amended plan was filed on 7/21/2026. [Docs. 72, 73]

The Amended Chapter Plan filed July 20, 2026, provided for 10 payments of $1,880.00 and 50 payments of $3,402.80, with an estimated payout to unsecured creditors of $137,013.70.

On 8/11/2026, Creditors George Yu and Frances Ho filed a supplemental request for judicial notice to notify the Court that <u>the Superior Court had set a hearing on Creditors George Yu and Frances Ho's motion for attorney's fees for September 1, 2026</u>. [Doc. 81]

On 8/13/2026, the Chapter 13 Trustee filed an objection to Debtors' Chapter 13 Plan filed July 20, 2026. [Doc. 84]

On 8/13/2026, Debtors filed a stipulation with Creditors George Yu and Frances Ho to continue the hearing on Debtors' objection to Creditors Yu and Ho's claim to September 16, 2026, so that the Superior Court could finalize the amount of attorney's fees in Creditor's claim, and thereby resolve Debtors' objection to Yu and Ho's claim without the Court having to estimate the fees. [Doc. 83]

On 8/13/2026, in response to the Trustee's objection, Debtors filed an Amended Chapter Plan. [Doc. 87]

The Amended Chapter Plan filed August 13, 2026, provided for 10 payments of $1,880.00 and 50 payments of $5,181.00, with an estimated payout to unsecured creditors to $217,889.80.

**NOTICE TO CREDITORS**

On August 14, 2026, Debtors' lawyer emailed Brisa Ramirez, lawyer for the Chapter 13 Trustee and Susan Luce, lawyer for objecting creditors George Yu and Frances Ho, and asked them if they would stipulate to an extension of time to confirm Debtor's Chapter 13 plan or in the alternative if they would oppose an ex parte application to extend the deadline to September 16, 2026. Both Ms. Ramirez and Ms. Luce replied that their clients would prefer to see what the Court decides on August 19, 2026.

**POINTS AND AUTHORITIES**

The Bankruptcy Code does not impose a deadline for confirmation of a Chapter 13 plan. However, Bankruptcy Code § 1307(c) provides that on request of a party in interest, the court may dismiss a case for cause, including (1) unreasonable delay by the debtor that is prejudicial to creditors, or (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan.

A. The Delay In Confirmation Is Not Prejudicial to Creditors George Yu and Frances Ho, Because a Hearing in the Superior Court Hearing to Finalize Creditors Attorneys' Fees is Calendared for September 1, 2026.

It is true that Debtors' Chapter 13 bankruptcy case has been pending for 11 months without a confirmed plan. However, it is not clear that any creditors are prejudiced by the delay. Debtors are current with their payment to their secured mortgage creditors. Debtors' only objecting creditors are George Yu and Frances Ho.

However, Creditors Yu and Ho will not be prejudiced by a one-month delay in confirmation of Debtors' plan, because they are waiting for the Superior Court to resolve the attorney's fees portion of their claim on September 1, 2026. Creditors Yu and Ho have stipulated to continue the hearing on Debtors' objection to their claim, specifically to give the Superior Court time to finalize their attorney's fees.

B. Debtors Should be Granted Additional Time to Confirm a Chapter 13 Plan, Because the Delay in Confirmation is Not Unreasonable Given That Debtors Had to Defendant Against an Adversary Proceeding, Find Replacement Counsel Eight Months Into Their Case.

Bankruptcy Code § 1307(c) provides that on request of a party in interest, the court may dismiss a case for cause, including unreasonable delay. Here, Debtors' delay in plan confirmation is not unreasonable given that Debtors had to resolve an adversary proceeding brought by creditors George Yu and Frances Ho, obtain new counsel eight months into their case, and resolve an objection to their Claim of Exemptions. Given these complications, the delay in confirming Debtors' plan is not unreasonable.

B. Debtors Should be Granted Additional Time to Confirm a Chapter 13 Plan, Because the Court Has Not Yet Denied Confirmation of Their Plan Nor Denied a Request for Time to File a New Plan as Required by Bankruptcy Code § 1307(c)(5).

The BAP In re Nelson has explained that "The conjunction 'and' in § 1307(c)(5) means that there are two essential elements that each must be satisfied in order to constitute 'cause' to . . . dismiss a case following the denial of confirmation of a plan: (1) denial of confirmation; and (2) denial of a request for time to file a new or a modified plan. As written, the requirements of § 1307(c)(5) are cumulative and mandatory. In other words, both elements must exist in order to constitute "cause" to dismiss or convert a chapter 13 case under that authority. . . We are persuaded that the second element of § 1307(c)(5) requires, at a minimum, that the court must

afford a debtor an opportunity to propose a new or modified plan following the denial of plan confirmation. 9 See 8 COLLIER P 1307.04 (debtor should normally be given at least one opportunity to submit modified plan). . . . A debtor who wishes to submit to the rigors of living for a number of years in the straightjacket of a plan that represents one's 'best efforts' to pay creditors should, in principle, be permitted the latitude to correct perceived deficiencies in proposed plans." In re Nelson, 343 B.R. 671, 675-76 (B.A.P. 9th Cir. 2006)

Here, it is true that Debtors were already given a chance to file an amended plan, which their new lawyer filed on July 20, 2026. [Doc. 71] However, the Chapter 13 Trustee filed an objection to Debtors' amended Chapter 13 Plan on August 13, 2026. [Doc. 84]

In response to the Trustee's objection, Debtors filed a second Amended Chapter Plan. [Doc. 87] The Amended Chapter Plan filed August 13, 2026, provided for 10 payments of $1,880.00 and 50 payments of $5,181.00, with an estimated payout to unsecured creditors to $217,889.80. This is a significant increase in payments to general unsecured creditors over the previous plan's payout of $137,013.70.

**CONCLUSION**

WHEREFORE, Debtors pray that this Court grant their application to extend time to confirm Debtors' Chapter 13 Plan to September 16, 2026, so that Debtors are given the opportunity to correct the Chapter 13 Trustee's perceived deficiencies in Debtor's proposed plan, as suggested by In re Nelson, 343 B.R. 671.

Date: August 16, 2026

/s/Evan Livingstone
Evan Livingstone
Attorney for Debtors
MART ALBERT HAITJEMA
and ELAINE WAIYIN CHOW